Jerrell YANCEY  *v.*
B&B SUPPLY and Federated Mutual Insurance Co.

CA 04-684                                213 S.W.3d 657

Court of Appeals of Arkansas
Opinion delivered September 21, 2005

Frederick S. Spencer, P.A., for appellant.

Rieves, Rubens & Mayton, by: Eric Newkirk, for appellees.

L ARRY D. VAUGHT, Judge.  Jerrell Yancey appeals the deci-
sion of the Workers' Compensation Commission finding

that he had been made whole by the proceeds of a third-party lawsuit and that appellees, B&B Supply and Federated Mutual Insurance Company, were entitled to subrogation pursuant to Ark. Code Ann. § 11-9-410 (Supp. 2005). We reverse the decision of the Commission and remand for an award of benefits.

On August 24, 1999, Yancey worked as a truck driver for B&B Supply. While having his truck loaded at the premises of a third party, he was struck by a forklift driven by an employee of the third party. Yancey was thrown into the air and received injuries to his back and left knee, requiring surgery on the knee. Appellees initially accepted Yancey's claim and paid benefits. Appellees later argued Yancey was not entitled to permanent disability benefits. The Administrative Law Judge conducted a hearing and assigned a permanent impairment rating of two percent to Yancey's left lower extremity and ten percent impairment to his body as a whole as a result of the back injury.

Yancey also filed a civil action against the third party seeking damages for past and future medical expenses, permanent injury, and pain and suffering. The jury awarded him $235,000. The jury found that Yancey was thirty percent at fault for the accident, so his award was reduced to $164,500. The jury also awarded Yancey's wife damages in the amount of $15,000, which was reduced to $10,500 due to Yancey's contributory negligence.

In reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Logan County v. McDonald*, 90 Ark. App. 409, 206 S.W.3d 258 (2005). Substantial evidence is that evidence that a reasonable person might accept as adequate to support a conclusion. *Id.* The issue is not whether this court might have reached a different result from that of the Commission or whether the evidence would have supported a contrary finding. *Id.* We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Id.*

Under Ark. Code Ann. § 11-9-410, employers or workers' compensation insurance carriers have a statutory lien against proceeds recovered from a third party for the injury sustained by the employee. However, that right is not absolute;

rather, the insurer's lien right against an insured's settlement with a third party is subject to a court's approval after the carrier has been afforded an opportunity to be heard. *S. Cent. Ark. Elec. Coop. v. Buck*, 354 Ark. 11, 117 S.W.3d 591 (2003); *see also Gen. Accident Ins. Co. v. Jaynes*, 343 Ark. 143, 33 S.W.3d 161 (2000); *Phillip Morris USA v. James*, 79 Ark. App. 72, 83 S.W.3d 441 (2002). An insured's right to be made whole takes precedence over an insurer's right to subrogation, and an insured must be fully compensated before the insurer's right to subrogation arises. *Buck*, 354 Ark. at 18, 117 S.W.3d at 595. Therefore, the insurer's right to subrogation arises only in situations where the recovery by the insured exceeds his or her total amount of damages incurred. *Id.*, 117 S.W.3d at 595.

Our supreme court has stated that "the precise measure of reimbursement is the amount by which the sum received by the insured from the [third party], together with the insurance proceeds, exceeds the loss sustained and the expense incurred by the insured in realizing on his claim." *Franklin v. Heathsource of Ark.*, 328 Ark. 163, 168, 942 S.W.2d 837, 839–40 (1997); *see also Buck*, 354 Ark. at 20, 117 S.W.3d at 597.

The court's analysis in *Buck* is illustrative of how to apply the formula. In *Buck*, the claimant was removing a limb from a power line for his employer when he was hit by a car driven by a third party. He received workers' compensation benefits in the amount of $21,979.33 (medical expenses and lost wages). The claimant subsequently filed a lawsuit against the third party for lost wages, medical expenses, and pain and suffering. The compensation carrier intervened asserting its right of subrogation. The jury found the claimant had sustained damages of $80,000, but the jury reduced the award by forty percent because of the claimant's contributory negligence and awarded the claimant $48,000. The court found that the claimant had not been made whole and applied the formula in the following way:

> Here, the jury determined that [the claimant] incurred damages of $80,000. He actually received a judgment of $48,000. From that judgment amount, costs and attorneys' fees totaling $21,973.22 must be deducted, leaving $26,026.78 in settlement proceeds. This amount combined with the $21,979.33 that [the claimant] received in compensation benefits totals $48,006.11. Clearly this amount does not exceed the damages incurred by [the claimant]. Assuming arguendo that the jury did take into account the $21,979.33 paid by

> [the compensation carrier], [the claimant] still incurred $58,020.67 in non-reimbursed losses; thus, the judgment of $48,000 is still less than the damages incurred by [the claimant].

*Buck*, 354 Ark. at 20, 117 S.W.3d at 597.

In applying our supreme court's analysis to the facts of the present case, the jury determined that Yancey incurred damages amounting to $235,000. Yancey actually received a judgment in the amount of $164,500, which totaled $166,334.18 including interest. After deducting $77,762.34 for Yancey's costs and attorneys' fees, Yancey had $86,737.66 in proceeds. This amount added to the $21,335.50 in compensation benefits paid to Yancey totals $108,073.16, an amount clearly not exceeding the total amount the jury found Yancey had incurred as damages — $235,000. Even if we added the amount awarded to his wife, $10,500, to the total amount, it would not exceed the total amount the jury had determined as Yancey's damages.

Appellees argue that allowing Yancey to keep his third-party proceeds and his workers' compensation benefits establishes double recovery. However, the jury awarded him damages in an amount more than what had been paid by the compensation carrier. In *Franklin*, the supreme court found that the claimant was not made whole because the compensation insurance carrier had not paid all of the claimant's medical expenses, let alone any of the additional expenses he had incurred as a result of the incident. 328 Ark. at 168, 942 S.W.2d at 840. Furthermore, in *Logan County, supra*, we stated that a third-party settlement is a tort action, for which a portion of the jury award can be due to pain and suffering — a damage award not available through workers' compensation. The jury could base its award of damages on more than just past medical expenses and permanent injury. It could also award damages for mental anguish and pain and suffering.

Based on our previous case law and the mandate of our supreme court, we reverse the decision of the Commission. The Commission's order did not attempt to apply the formula established in *Franklin* and applied in *Buck*. It is clear from our calculations using the formula that Yancey was not made whole by the third-party recovery. For this reason, the Commission's decision was not supported by substantial evidence.

Reversed and remanded.

HART and NEAL, JJ., agree.